IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **EDWARD T. LAIOS**, *et al.*, | * |
| Plaintiffs, | * |
| v. | *     Case No.: GJH-20-3337 |
| **MTM BUILDER/DEVELOPER, INC**, *et al.*, | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Edward T. Laios, personally and on behalf of Plaintiff Beachside Associates, LLC brought this civil action against Defendants MTM Builder/Developer, Inc., Morehouse Real Estate Investments, LLC ("MREI"), and Dean Morehouse, seeking an accounting and asserting claims for breach of contract, breach of fiduciary duty, and conversion. ECF No. 1. Pending before the Court is Defendants' Motion to Dismiss for Improper Venue. ECF No. 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court dismisses the instant action *sua sponte* for lack of subject matter jurisdiction and, to the extent Plaintiffs' derivative claims can be severed, grants Defendant's Motion to Dismiss.

**I.**     **BACKGROUND**

Plaintiff Beachside is a limited liability company formed under the laws of the U.S. Virgin Islands with a principal place of business in the U.S. Virgin Islands. ECF No. 1 ¶ 8. Beachside was created for the purpose of acquiring, maintaining, selling, and/or leasing a certain resort located in the U.S. Virgin Islands. *Id.* Plaintiff Beachside's original members were Plaintiff Laios, Defendant Morehouse, and Defendant MTM. *Id.* ¶¶ 9, 10, 16, 26; ECF No. 11-2

1

at 33.[1] Since Beachside's creation, Plaintiff Laios, who is a resident of the U.S. Virgin Islands, has held a 49.5% interest in Beachside. ECF No. 1 ¶¶ 3, 9, 26; ECF No. 11-2 at 33, 37. Defendant Morehouse, who is a resident of Florida, originally held a 49.5% interest in Beachside as well, but assigned that interest to Defendant MREI in 2009. ECF No. 1 ¶¶ 2, 10, 16, 26–28; ECF No. 11-2 at 33, 34–37. Defendant MREI is a limited liability company organized under the laws of Wyoming with a principal place of business in Florida. ECF No. 1 ¶ 14. Defendant MREI's members are Defendant Morehouse and a living trust created for Defendant Morehouse and his wife. *Id.* ¶¶ 14–15, 27; ECF No. 13 at 2. Both members of MREI are citizens of Wyoming or Florida. ECF No. 13 at 2. Finally, since Beachside's creation, Defendant MTM—a corporation organized in Virginia with a principal place of business in Florida—has held a 1% interest in Beachside. ECF No. 1 ¶ 2, 11, 26; ECF No. 11-2 at 33, 37. Defendant MTM is wholly owned and controlled by Defendant Morehouse. ECF No. 1 ¶ 12. Thus, Beachside's current membership is Plaintiff Laios (49.5%), Defendant MREI (49.5%), and Defendant MTM (1%). ECF No. 1 ¶¶ 2–3.

    Defendant Morehouse is a real estate purchaser, builder, and developer who regularly: (1) engages in projects involving single-purpose business entities in which he owns significant direct or indirect interests; and (2) designates MTM, a management company owned and controlled by him, as manager of such entities and projects. *Id.* ¶ 24. In April 2003, Defendant Morehouse, Defendant MTM, and Plaintiff Laios executed an Operating Agreement for Beachside. *Id.* ¶ 25; ECF No. 11-2. Section 1.01.o of that agreement designated Defendant MTM as Beachside's manager, and thus MTM was charged under Section 5.01 of the Operating Agreement with "direct[ing], manag[ing], and control[ling] the business of [Beachside] to the best of [its]

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

ability." ECF No. 1 ¶¶ 13, 29; ECF No. 11-2 at 3, 6. MTM can only be removed as manager by an affirmative vote of members holding 75% of Beachside's membership interest, which effectively renders it unremovable since MTM and Defendant Morehouse/MREI have always owned an aggregate 50.50% interest in Beachside. ECF No. 1 ¶¶ 30–31; ECF No. 11-2 at 9.

To gain more information about how Defendants are managing Beachside, Plaintiff Laios sought to inspect and copy Beachside's documents, which he argues he is entitled to do under Section 6.05 of the Operating Agreement. ECF No. 1 ¶¶ 32–33; ECF No. 11-2 at 11 ("Upon reasonable request and prior notice, each Member and Economic Interest Owner shall have the right, during ordinary business hours, to inspect and copy those Company documents at the requesting Member's and Economic Interest Owner's expense."). However, despite Plaintiff Laios's efforts, Defendants have repeatedly and deliberately denied Plaintiff information concerning Beachside, its activities, and its financial dealings. ECF No. 1 ¶ 33. In fact, Defendant MTM has always run Beachside "with a high degree of secrecy and tight control[,]" and, historically, has met Plaintiff's efforts to obtain information with delay, followed by incomplete productions of documents. *Id.* ¶ 34.

Plaintiff Laios's recent attempts to gain more information, and his underlying concerns regarding how MTM is managing Beachside, have been motivated by: (1) Defendant Morehouse's past malfeasance relating to another single-purpose entity that MTM was supposed to have operated on Defendant Morehouse's and Plaintiff Laios's behalf—malfeasance that was hidden by the same type of refusal to provide information that Plaintiff has been experiencing in the instant case; (2) Defendant Morehouse and companies owned by him becoming delinquent in the repayment of third-party loans totaling in the millions of dollars—loans that are secured by Defendant Morehouse's ownership interests in various companies, including Beachside; (3)

Defendants' involvement with multiple other development/investment projects, including two U.S. Virgin Island-based residences and a project on land adjacent to that owned by Beachside; (4) the 2018 decision of Defendants Morehouse and MTM to distribute to themselves the vast majority of proceeds from a lucrative sale of Beachside realty; and (5) Defendants Morehouse and MTM's 2020 decision to apply the entire proceeds of a $500,000 arbitration award to bills comprised primarily of MTM fees. *Id.* ¶ 36. Moreover, Plaintiff Laios's suspicions have increased based on a review of Beachside's general ledgers from December 2013 through January 2020. *Id.* ¶¶ 37–39. The general ledgers revealed that MTM caused Beachside to pay MTM a sum exceeding $1.4 million, consisting of approximately $485,000 in payments labeled "payroll reimbursements" and almost $945,000 in development fees, bookkeeping fees, and management fees. *Id.* ¶ 37. Those payments represent approximately 51% of Beachside's total expenditures during that time period. *Id.* ¶ 38. However, despite these massive expenditures, "MTM has expended little apparent effort to maintain the parcel's value" and the land reveals a lack of visible upkeep. *Id.* ¶ 39.

     In light of his existing concerns and the information he had discovered reviewing Beachside's general ledgers, Plaintiff Laios, through one of his agents, emailed and mailed MTM a July 24, 2020 letter demanding prompt access to, or production of, various itemized categories of records, invoices, and other documents underlying the various ledger entries. *Id.* ¶ 40. Defendants did not respond to the July 24, 2020 letter. *Id.* ¶ 41. Thus, on August 25, 2020, Plaintiff Laios's agent demanded that MTM either (1) provide the full document production, as requested in the July 24 letter, by August 28, 2020; or (2) commit in writing, by August 31, 2020, to cause Beachside to file a lawsuit on or before September 4, 2020 to compel the

requested accounting. *Id.* Defendants failed to meet either of the demands in Plaintiff Laios's August 25 letter. *Id.*

Finding that any additional request would be futile, *id.* ¶ 23, Plaintiffs filed the instant action on November 17, 2020. ECF No. 1. Defendants responded by filing a Motion to Dismiss for Improper Venue on December 14, 2020. ECF No. 11. On December 28, 2020 Plaintiffs opposed Defendants' Motion, ECF No. 14, and Defendants replied on January 11, 2020, ECF No. 18.

## II. STANDARD OF REVIEW

### A. *Sua Sponte* Dismissal Pursuant to Fed. R. Civ. P. 12(h)(3)

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (internal citations omitted). If necessary, the court has an obligation to consider its subject-matter jurisdiction *sua sponte*. *Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)

"A defendant may challenge the sufficiency of plaintiff's choice of venue by way of a motion under Rule 12(b)(3)." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)).

requested accounting. *Id.* Defendants failed to meet either of the demands in Plaintiff Laios's August 25 letter. *Id.*

Finding that any additional request would be futile, *id.* ¶ 23, Plaintiffs filed the instant action on November 17, 2020. ECF No. 1. Defendants responded by filing a Motion to Dismiss for Improper Venue on December 14, 2020. ECF No. 11. On December 28, 2020 Plaintiffs opposed Defendants' Motion, ECF No. 14, and Defendants replied on January 11, 2020, ECF No. 18.

## II. STANDARD OF REVIEW

### A. *Sua Sponte* Dismissal Pursuant to Fed. R. Civ. P. 12(h)(3)

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (internal citations omitted). If necessary, the court has an obligation to consider its subject-matter jurisdiction *sua sponte*. *Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)

"A defendant may challenge the sufficiency of plaintiff's choice of venue by way of a motion under Rule 12(b)(3)." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)).

requested accounting. *Id.* Defendants failed to meet either of the demands in Plaintiff Laios's August 25 letter. *Id.*

Finding that any additional request would be futile, *id.* ¶ 23, Plaintiffs filed the instant action on November 17, 2020. ECF No. 1. Defendants responded by filing a Motion to Dismiss for Improper Venue on December 14, 2020. ECF No. 11. On December 28, 2020 Plaintiffs opposed Defendants' Motion, ECF No. 14, and Defendants replied on January 11, 2020, ECF No. 18.

## II. STANDARD OF REVIEW

### A. *Sua Sponte* Dismissal Pursuant to Fed. R. Civ. P. 12(h)(3)

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (internal citations omitted). If necessary, the court has an obligation to consider its subject-matter jurisdiction *sua sponte*. *Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)

"A defendant may challenge the sufficiency of plaintiff's choice of venue by way of a motion under Rule 12(b)(3)." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)).

When such a challenge has been made, "the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *Delta T, LLC*, 2019 WL 3220287, at *2 (quoting *Plant Genetics Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citing *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." *Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 612 (D. Md. 2013) (alteration in original) (quoting *Sucampo Pharm. Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)); *see also Aggarao*, 675 F.3d at 365–66. However, "[a]ll reasonable inferences must still be drawn in the light most favorable to the plaintiff." *Am. Ins. Mktg. Corp.*, 958 F. Supp. 2d at 612 (citing *CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 672 (D. Md. 2009)).

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

While Defendants base their Motion to Dismiss entirely on improper venue, as discussed above, a district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is limited and is available only when a federal question is presented or there is diversity of citizenship of the parties. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. There is no presumption that jurisdiction is vested in the Court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). District courts have original jurisdiction, pursuant to 28 U.S.C. § 1331, over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the

"well-pleaded complaint rule," federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). None of Plaintiffs' claims "arise under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331; rather, Plaintiffs' claims are grounded in state law. *See* ECF No. 1 at 8–11. Thus, this Court lacks federal question jurisdiction.

Plaintiffs rely instead on diversity jurisdiction. ECF No. 1 ¶ 18. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Here, despite claiming this Court has jurisdiction under 28 U.S.C. § 1332, ECF No. 1 ¶ 18, Plaintiffs' own allegations reveal that the parties lack complete diversity.

Plaintiff Laios brought this action personally and on behalf of Plaintiff Beachside. *Id.* at 2. To the extent Plaintiff's claims are brought on behalf of Plaintiff Beachside, those claims are derivative claims. "In a derivative action, 'the claims[s] pressed by the stockholder . . . [are] not his own but the corporation's . . . . [I]t is the real party in interest." *Bunnell v. Rago*, No. WDQ-14-1892, 2015 WL 996599, at *3 (D. Md. Mar. 4, 2015) (ellipses and brackets in original) (quoting *Ross v. Bernard*, 396 U.S. 531, 538 (1970)). Consequently, the Complaint names Beachside as a plaintiff in this action. ECF No. 1 at 1.[2]

Beachside is a limited liability company. ECF No. 1 ¶ 8. A limited liability company is a citizen, for diversity purposes, of the states of which its members are citizens. *See Gen. Tech.*

---

[2] "Generally, the represented entity (i.e., the entity of whose behalf the suit is initiated . . . [)] is aligned as a defendant. But [the represented entity] can be realigned as a plaintiff under certain circumstances." *Gen. Tech. Applications, Inc.* 388 F.3d at 120.

*Applications, Inc. v. Exro Ltds.*, 388 F.3d 114, 120 (4th Cir. 2004). Thus, Beachside takes the citizenship of Defendant MTM, Defendant MREI, and Plaintiff Laios. ECF No. 1 ¶¶ 2–3. In other words, Beachside is a citizen of Wyoming, Florida, Virginia, and the U.S. Virgin Islands. ECF No. 1 ¶¶ 9, 11; ECF No. 2; ECF No. 13. Because Beachside is a citizen of Wyoming, Virginia, and Florida, and Defendants MTM and MREI are citizens of Wyoming, Virginia, and Florida, complete diversity, and consequently diversity jurisdiction, does not exist.[3] ECF No. 1 ¶¶ 9, 11; ECF No. 2; ECF No. 13.

Finding that the Court has neither federal question nor diversity jurisdiction over this action, the Court must dismiss the action for lack of subject-matter jurisdiction.

**B.    Venue**

Even if Plaintiffs' derivative claims were severed from this civil action, *Koehler v. Dodwell*, 142 F.3d 304, 308 (4th Cir. 1998) ("[A] party or claim whose presence deprives the court of jurisdiction [such as the derivative claims here] may be dropped or severed from the action."), the Court would still dismiss this action for improper venue.

A civil action may be properly brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). These three subsections are often respectively referred to as "residential venue," "transactional venue," and "fallback venue." 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3804. The first two subsections

---

[3] Even if Beachside had been aligned as a defendant, as is typical of represented entities, *see Gen. Tech. Applications, Inc.* 388 F.3d at 120, there still would not be complete diversity. In that case, Beachside and Plaintiff Laios would both be citizens of the U.S. Virgin Islands. ECF No. 1 ¶¶ 9, 11; ECF No. 2; ECF No. 13.

define "preferred judicial districts" for venue, while the third subsection provides a "fallback option." *Atl. Marine Const. Co., inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56–57 (2013). Thus, "if no other venue is proper, then venue will lie in any judicial district in which the any defendant is subject to the court's personal jurisdiction [under 1391(b)(3)]." *Id.*

The District of Maryland is not a proper venue under 28 U.S.C. § 1391(b)(1). In order for venue to be proper under 28 U.S.C. § 1391(b)(1), "all defendants" must be residents of Maryland. 28 U.S.C. § 1391(b)(1). While Defendants MTM and MREI are deemed to be residents of Maryland because Defendants' have not challenged this Court's exercise of personal jurisdiction over them,[4] *see generally* ECF No. 11, Defendant Morehouse is a resident of Florida, ECF No. 1 ¶ 10. Thus, Plaintiffs' argument that venue is proper under 28 U.S.C. § 1391(b)(1), ECF No. 14 at 2–3, is unsuccessful.

The District of Maryland is also not a proper venue for this action under 28 U.S.C. § 1391(b)(2). As noted above, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). In determining whether a substantial part of the events occurred in a state, the Court should review "the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (quoting *Uffner v. la Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). This standard does not require that "a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the best venue." *Seidel v. Kirby*, 296 F. Supp. 3d 745, 752 (D. Md. 2017).

---

[4] Defendant MTM and MREI, as "entit[ies] with the capacity to sue and be sued in [their] common name under applicable law," are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). Defendants have not alleged lack of personal jurisdiction in their Motion to Dismiss for Improper Venue, thereby waiving that defense. Fed. R. Civ. P. 12(h)(1)(A). "Consequently, they are subject to this Court's personal jurisdiction and . . . deemed to reside in this district." *Taylor v. Shreeji Swami, Inc.*, No. PWG-16-3787, 2017 WL 1832206, at *2 (D. Md. May 8, 2017) (internal quotation marks and citations omitted).

9

Plaintiffs must merely "show that a substantial part of the events giving rise to their claims occurred in the chosen district." *Id.* However, notably, the language of the statute does not provide that venue is proper where "any part" of the events giving rise to the claim occurred, but a "substantial part." *See Celsion Corp. v. Stearns Mgmt. Corp.*, No. CCB-00-1214, 2001 WL 55456, at *4 (D. Md. Jan. 8, 2001). "Events that relate only tangentially to the claim cannot constitute a 'substantial part of the events or omissions giving rise to the claim'; indeed, strictly speaking, they do not 'give rise to' the claim at all." *MTGLQ Investors, L.P. v. Guire*, 286 F. Supp. 2d 561, 565 (D. Md. 2003). Thus, in the instant case, venue is only proper in Maryland under 28 U.S.C. § 1391(b)(2) if "many of the events and facts central to this case" are "anchored in Maryland." *Ciene Corp. v. Jarrard*, 203 F.3d 312, 318 (4th Cir. 2000).

      That is not the case here. The Complaint is completely devoid of any reference to Maryland at all. Plaintiffs' claims are all based on Defendants' management of a limited liability company organized in the U.S. Virgin Islands, with a principal place of business in the U.S. Virgin Islands, whose primary asset is a parcel of real property located in the U.S. Virgin Islands, and whose Operating Agreement is governed by U.S. Virgin Islands' law. ECF No. 11-2 at 4–6, 27. Moreover, Plaintiffs do not even attempt to rebut Defendants' arguments that all the events giving rise to Plaintiff's three claims—breach of contract (Count I), breach of fiduciary duty (Count II), conversion (Count III)—occurred in the U.S. Virgin Islands. *See* ECF No. 11-1 at 4 (arguing that, "[a]s Beachside is a USVI limited liability company, the alleged breach of the [Operating Agreement (Count I)] occurred in USVI and would only impact the USVI limited liability company and alleged Laios who is a resident of USVI" and that "all alleged events related to an alleged breach of the [Operating Agreement] would have occurred in the USVI, where Beachside is located, owns property and operates."); *id.* (arguing that any fiduciary duty

10

owed to Plaintiffs—duties that Defendants allegedly breached (Count II)—"would arise under the terms of the [Operating Agreement], which again relates directly to USVI law and events that occurred in the USVI, not Maryland"); *id.* (arguing that Plaintiffs' third claim (Count III) "is a claim for conversion of property of Beachside, which property would be located in the USVI" and that "allegations of conversion . . . would also arise from alleged events in the USVI"). In fact, the only alleged connection between Plaintiffs' claims and Maryland is found in a footnote in Plaintiffs' Opposition to Defendants' Motion to Dismiss. ECF No. 14 at 3 n.2. There, Plaintiffs assert that "most or all the documents sought by Laios in this case are, were, or (to the extent they exist) would be maintained in MTM's Maryland-based office and a storage unit located in Clinton, Maryland[.]" *Id.* Plaintiffs' one belated allegation of a tenuous connection between Maryland and Plaintiffs' claims is not enough to support a finding that "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland. 28 U.S.C. § 1391(b)(2).

    Finally, Maryland is not an appropriate fallback venue under 28 U.S.C. § 1391(b)(3). Section 1391(b)(3) only comes into play when there is no "preferred judicial districts for venue[,]" under 28 U.S.C. § 1391(b)(1) and (2). *Atl. Marine Const. Co., Inc.* 571 U.S. at 56–57. That is not the case here. For example, in the instant case, all three Defendants are residents of Florida. ECF No. 2; *see also* 28 U.S.C. § 1391(c)(2). Accordingly, a federal judicial district in Florida in which one of the Defendants resides would be a proper venue under 28 U.S.C. § 1391(b). Therefore, venue is not proper in Maryland under 28 U.S.C. § 1391(b)(3).

    Because Maryland is not a proper venue for this action under any of the three subsections of 28 U.S.C. § 1391(b), the Court dismisses Plaintiffs' action on improper venue grounds as well.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses this action for lack of subject-matter jurisdiction and, to the extent Plaintiffs' derivative claims can be severed, grants Defendants' Motion to Dismiss for Improper Venue. A separate Order shall issue.

Date: <u>September 30, 2021</u>     /s/
                                    GEORGE J. HAZEL
                                    United States District Judge